VEVE ET AL., PETITIONERS, *v.* DISTRICT COURT OF HUMACAO, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Humacao.

No. 375.—Decided June 22, 1922.

LEGISLATIVE PRIVILEGE—MUNICIPAL ASSEMBLY.—Acts of members of a municipal assembly are privileged only when it is in session and for a legitimate purpose. The said members have not the same privileges as members of a legislature.

ID.—ID.—When a municipal assembly and a council of administration meet in joint session there is a strong presumption, if not a certainty, that they are not in regular session.

ID.—ID.—CONTEMPT—CERTIORARI.—If the joint session was not privileged the resolution adopted by it may be one of the grounds of contempt enumerated in the Act of 1902, and hence a writ of certiorari should not be granted.

ID.—ID.—ID.—ID.—Punishment for contempt being a basis of court proceedings, certiorari will not lie to review a contempt order except on a clear showing of necessity.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the petitioners.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In an application for a writ of certiorari petitioners say that they are members of the Municipal Assembly and Council of Administration of Fajardo. These two bodies met in joint session on the 22nd day of May, 1922, and passed a resolution whereby they agreed to send to the Governor of Porto Rico a protest against the high officials of the District Court of Humacao. In the petition for certiorari we do not find any copy of the said joint resolution, and no specification of the acts that the high officials are supposed to have committed. Likewise it is not set forth who these high officials are or whether the judge himself was one of them. On account of the said joint resolution the *fiscal* of the District Court of Humacao proceeded against the petitioners for apparently a summary contempt, the court issued a rule to show cause and after a hearing found the petitioners guilty of contempt, sentencing each of them to ten days in jail, such sentence to begin on June 23, 1922. The principal averment is one of law, namely, that the joint resolution, being a legislative act, was privileged and that therefore the court has no jurisdiction to punish for contempt. Likewise petitioners say that the authority sought to be exercised is not justified by the laws of Porto Rico.

It is not through mere curiosity that we would like to have a copy of the joint resolution before us. If the joint

resolution was not within the scope of the supposed legislative faculties of the Municipality of Fajardo, it was not privileged.   The absolute privilege of the members of a legislature does not generally extend to the members of a municipal assembly.   *Burch* v. *Bernard,* 107 Minn. 212.   The Legislature of Porto Rico has conferred no special privilege on members of the municipal assemblies.

This was a joint session of the Municipal Assembly and the Council of Administration.   The Council of Administration, while elected by the Municipal Assembly, forms no part of the latter.   The law expressly provides, Acts of 1919 p. 700, that the office of member of the council of administration is inconsistent with the office of delegate to the municipal assembly.   The same act confers the power to pass ordinances solely on the Municipal Assembly.   Hence there is a strong presumption, if not a certainty, that the joint resolution did not partake of a legislative character.

If the joint resolution was not a legislative act, the persons who directed it to the Governor have no rights superior to those of ordinary citizens.

We shall not definitely attempt to decide as to how far the power to punish for contempt may be limited by the Legislature.   Undue criticism of a pending case, which would have a tendency to influence a matter before a court, subjects the publisher to a proceeding for contempt.   The contempt Act of March 1, 1902, makes the wilful publication of any false or grossly inaccurate report of judicial proceedings a contempt.   The joint resolution, if not privileged, is or may be such a report.

Under its general power to punish for contempt the jurisdiction of a court so to punish would be presumed in the absence of a clear showing to the contrary.

The power to punish for contempt and to do it promptly is one of the fundamental means by which the machinery of

justice is kept in motion and by which a court may make its orders and its proceedings respected. Hence in the absence of a very clear showing the review by certiorari will not be exercised.

The judgment for contempt falls on the individual and not on a community. Ordinarily there would be no right in individuals to join in a review of a contempt proceeding.

We do not know from the petition whether the proceedings for contempt were in some pending case or otherwise.

The writ must be denied.

*Writ denied.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.